UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:93-cr-0073-LJM-TAB-1 |
| | ) | |
| MATTHEW WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on May 5, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 21, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On May 21, 2014, defendant Matthew Wright appeared in person with his appointed counsel, Michael Donahoe. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Wright of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The Court asked Mr. Wright questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Wright and his counsel, who informed the Court they had reviewed the Petition and that Mr. Wright understood the violations alleged.

3. The Court advised Mr. Wright of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition, as well as the rights he would have at a preliminary hearing. Mr. Wright stated that he wished to waive his right to a preliminary hearing, and executed a written waiver of the preliminary hearing, which the Court accepted. The Court finds that there is a basis in fact to hold Mr. Wright on the specifications of violations of supervised release as set forth in the Petition.

4. A hearing was then conducted on the Petition.

5. Mr. Wright, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 2 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

> The offender submitted six urine screens which have tested positive for marijuana on May 6, 2013; January 8, 2014; January 16, 2014; January 22, 2014; January 27, 2014; and April 14, 2014. The offender admitted smoking marijuana to produce all of the first five positive screens. When questioned about his most recent positive screen, he stated he was do drunk that he blacked out and cannot remember if he smoked marijuana. The first four positive tests have been previously reported to the Court.

4 **"The defendant shall pay any fine/restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of probation/supervised release."**

> The offender has made only one payment of $25 toward his court ordered fine since he began supervision in May 2013. His current fine balance is $1,495.47. The offender has been employed during the majority of his supervision period, yet has failed to comply with a $25 montly payment plan toward his fine. Mr. Wright is currently employed at Recycle Force and earns $10 per hour. His wife receives disability income, and he has reported recent income for foster parent fees.

5 **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

> The offender failed to report for two random drug screens on May 11, 2013, and February 10, 2014. He failed to report for substance abuse counseling sessions on June 7, 2013; August 16, 2013; and January 30, 2014. The offender has failed to make any payments toward his substance abuse co-pay fee of $75.

> After his first positive screen in May 2013, the offender was placed in group substance abuse treatment sessions. He completed that treatment program on September 30, 2013. After his relapse in January 2014, the offender was placed in individual counseling sessions, per his own request.

6. The Government orally moved to dismiss violation 6 and the Court granted the same.

7. The Court placed Mr. Wright under oath and directly inquired of Mr. Wright whether he admitted violations 1, 2, 3, 4, and 5, of his supervised release set forth above. Mr. Wright admitted the violations as set forth above.

8. The Court finds that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Wright's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Wright's supervised release, therefore, is 8-14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties argued on the appropriate disposition of the Petition.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MATTHEW WRIGHT, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** as follows: Mr. Wright is to reside at the Volunteers of America residential reentry center for a period of six (6) months; any fees assessed by the Volunteers of America with respect to Mr. Wright's residence during this period are hereby waived and shall not be charged to Mr. Wright. Further, Mr. Wright shall refrain from the use of any alcohol during the remaining period of his supervised release. All other terms of Mr. Wright's supervised release to remain unchanged.

Counsel for the parties and Mr. Wright stipulated in open court to waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Wright entered the above stipulations and waivers with the understanding that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which the Court may reconsider.

WHEREFORE, the Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Mr. Wright's supervised release as follows: Mr. Wright is to reside at the Volunteers of America residential reentry center for a period of six (6) months; any fees assessed by the Volunteers of America with respect to Mr. Wright's residence during this period are hereby waived and shall not be charged to Mr. Wright. Further, Mr. Wright shall refrain from the use of any alcohol during the remaining period of his supervised release. All other terms of Mr. Wright's supervised release to remain unchanged.

IT IS SO RECOMMENDED.

Date: 05/22/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal